ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JUAN CARLOS RODRÍGUEZ ALFONSO<br><br>Parte Recurrida<br><br>v.<br><br>JOSÉ EDISON FELICIANO TORRES, MELISSA PINET Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Parte Recurrente | KLCE202500168 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2023CV03419<br><br>Sala: 403<br><br>Sobre: Cobro de Dinero - Ordinario |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2025.

Comparecieron ante este Tribunal la parte peticionaria, José Édison Feliciano Torres, Melissa Pinet Salicrup y la Sociedad Legal de Bienes Gananciales (en adelante, "matrimonio Feliciano Pinet" o "Peticionarios") mediante petición de *Certiorari* presentada el 18 de febrero de 2025. Nos solicitó la revocación de la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, "TPI"), el 25 de noviembre de 2024, notificada y archivada en autos al día siguiente. Dicho dictamen fue objeto de una "**Moción de Reconsideración**" que fue denegada por vía de un dictamen notificado el 16 de enero de 2025.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto de *certiorari* ante nos.

**I.**

El caso ante nos se originó con la presentación de una "**Demanda**" sobre cobro de dinero y daños y perjuicios por parte del Sr. Juan Carlos

Número Identificador
RES2025_____

Rodríguez Alfonso (en adelante, el "señor Rodríguez Alfonso" o "Recurrido"). En síntesis, sostuvo que el matrimonio Feliciano Pinet le solicitó la cantidad de trece mil dólares ($13,000.00), con el propósito de poder ejercitar una opción de compraventa con un tercero, y a cambio le ofreció no solo devolverle su inversión sino el 50% de cualquier ganancia que se produjera como parte de la venta de una propiedad sita en la siguiente dirección: A3 calle Sta. Cecilia Urb. Santa Elvira en Caguas Puerto Rico 00725. Añadió que los Peticionarios no realizaron el pago del dinero tomado a préstamo, a pesar de las alegadas múltiples gestiones realizadas para obtener el repago del dinero.

Como consecuencia de lo anterior, sostuvo que había sufrido daños por la violación de los postulados de buena fe y trato justo llevados a cabo por el matrimonio Feliciano Pinet. Expresó que las acciones ilícitas de estos últimos al retener y confiscar su dinero desde enero de 2023 hasta el presente han causado y continúan causando daños económicos, incluyendo pero sin limitarse a impedir y afectar su negocio privándole de invertir y perder oportunidades de negocios. Así pues, solicitó se declarara "Ha Lugar" la "**Demanda**" y condenara al matrimonio Feliciano Pinet a (1) la devolución de la suma de trece mil dólares ($13,000.00), más los intereses acumulados; (2) resarcir los daños ocasionados por el incumplimiento contractual y/o la conducta ilícita de retener su dinero, en violación a las nociones más básicas de la buena fe contractual, por una suma a ser determinada en el juicio en su fondo; y (iii) al pago de las costas y honorarios de abogado por este litigio, así como cualquier otro remedio que proceda en derecho.

Luego de varios trámites procesales impertinentes, el 1 de octubre de 2024, los Peticionarios informaron al TPI que ese mismo día cursaron un primer pliego de interrogatorios, requerimiento de admisiones y producción de documentos al señor Rodríguez Alfonso. El 18 de octubre de 2024, el Recurrido presentó "**Escrito al Expediente Judicial**", en el que informó que ese día había remitido las contestaciones al descubrimiento de prueba documental cursado por el matrimonio Feliciano Pinet.

El 23 de noviembre de 2024, los Peticionarios presentaron una "**Moción para que se tenga por admitido sin oposición el Requerimiento de Admisiones de la Parte Demandada de epígrafe**". Sostuvieron que lo expuesto por el Recurrido en la moción de 18 de octubre de 2024 no era correcto, toda vez que no habían recibido ningún anejo con las supuestas respuestas al Requerimiento de Admisiones notificado. En consecuencia, solicitaron que se tuvieran por admitidos los mismos, pues ya había transcurrido el término reglamentario para cursar las contestaciones. Dos días más tarde, el foro recurrido emitió *Orden* mediante la cual le concedió un término de diez (10) días al señor Rodríguez Alfonso para que expusiera su posición.

Ese mismo día, el Recurrido presentó "**Moción en Cumplimiento de Orden**", a través de la cual expuso que la asistente administrativa de su representante legal erró al no remitir sus contestaciones al Requerimiento de Admisiones. No obstante, expuso que las contestaciones de dicho descubrimiento de prueba fueron suscritas y juramentadas el 18 de octubre de 2024, tal y como hizo constar en su moción. A esos fines, solicitó excusas por el error y expresó que nunca fue su intención incumplir con el plazo dispuesto en las Reglas de Procedimiento Civil ni dilatar los procedimientos. Informó, además, que ese mismo día dirigía las contestaciones al representante legal de los Peticionarios mediante correo electrónico, el cual fue anejado a su comparecencia.

El 26 de noviembre de 2024, el TPI emitió *Resolución Interlocutoria* mediante la cual declaró "No Ha Lugar" la "**Moción para que se tenga por admitido sin oposición el Requerimiento de Admisiones de la Parte Demandada de epígrafe**". Inconforme, el 9 de diciembre de 2024, el matrimonio Feliciano Pinet presentó "**Moción de Reconsideración**", la cual fue denegada mediante *Resolución Interlocutoria* notificada el 16 de enero de 2025. Aun insatisfechos, el 18 de febrero de 2025, los Peticionarios presentaron el recurso que nos ocupa mediante el cual le imputaron al TPI la comisión de los siguientes errores:

> **ERRÓ Y ABUSÓ DE DISCRECIÓN EL FORO DE INSTANCIA AL NO ADMITIR SIN OPOSICIÓN EL**

**REQUERIMIENTO DE ADMISIONES DE LA PARTE RECURRENTE, PESE A QUE LA PARTE RECURRIDA NO PROVEYÓ OPORTUNAMENTE LAS RESPUESTAS A DICHO REQUERIMIENTO Y ELLO TIENE LA CONSECUENCIA LEGAL DE QUE SE TENGAN POR ADMITIDOS.**

**ERRÓ Y ABUSÓ DE DISCRECIÓN EL FORO DE INSTANCIA AL DENEGAR LA MOCIÓN DE RECONSIDERACIÓN DE LA PARTE RECURRENTE DEL 9 DE DICIEMBRE DE 2024, EN LA QUE DISCUTE Y FUNDAMENTA PORQUE, A LA LUZ DE LOS HECHOS DE ESTE CASO Y EL DERECHO VIGENTE PROCEDE QUE SE ADMITAN SIN OPOSICIÓN EL REQUERIMIENTO DE ADMISIONES DE LA PARTE RECURRIDA**.

El 24 de febrero de 2025, compareció el señor Rodríguez Alsonso mediante "**Solicitud de Desestimación al amparo de la Regla 33 (A) del Reglamento del Tribunal de Apelaciones y Solicitud de Extensión del Término para presentar escrito de oposición**". Examinada la misma y en virtud de las disposiciones de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, prescindimos de la comparecencia del Recurrido.

**II.**

**A.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; Banco Popular de Puerto Rico v. Gómez Alayón, 213 DPR __ (2023); 2023 TSPR 145. Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la referida Regla establece los siguientes criterios a evaluar:

A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. SLG Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B.**

El descubrimiento de prueba dentro del proceso civil está regulado por la Regla 23 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 23. El inciso (a) de la Regla 23.1 de dicho cuerpo reglamentario dispone que las partes podrán hacer descubrimiento sobre cualquier (1) información objeto del descubrimiento que no sea privilegiada y (2) que sea pertinente al asunto en controversia. E.L.A. v. Casta, 162 DPR 1, 10 (2004); Alvarado v. Alemany, 157 DPR 672, 683 (2002). El concepto de pertinencia como

limitación al descubrimiento de prueba, "aunque impreciso, debe ser interpretado en términos amplios". General Electric v. Concessionaires, Inc., 118 DPR 32, 40 (1986). Para que un asunto pueda estar sujeto a descubrimiento lo único necesario es que esté presente una posibilidad razonable de relación con la cuestión que se pretende adjudicar. E.L.A. v. Casta, *supra*, pág. 13. La referida Regla 23.1 de Procedimiento Civil, *supra*, señala que no constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible. Íd. La amplitud del descubrimiento persigue dos (2) propósitos: garantizar la pronta solución de las controversias y evitar que en la vista en su fondo surjan sorpresas. Lluch v. España Service Sta., 117 DPR 729, 742-743 (1986).

El requerimiento de admisiones constituye una de las herramientas que proveen las Reglas de Procedimientos para imprimirle celeridad a los procesos ante el Tribunal de Primera Instancia y permite estructurar las controversias del pleito, de forma que se cree un cuadro más claro del proceso. Así, su utilización permite que la parte interpelada admita asuntos en controversia que pudo haber evadido en un interrogatorio o una deposición anterior. Rivera Prudencio v. Mun. de San Juan, 170 DPR 149, 171 (2007); Rosado v. Tribunal Superior, 94 DPR 122, 133 (1967).

Conforme a la Regla 33 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 33, una parte está facultada para requerirle a la otra que admita la veracidad de cualquier materia que esté dentro del alcance de la Regla 23.1 de Procedimiento Civil, *supra*, relativo "a hechos que están controversia y opiniones relacionadas con los hechos o con la aplicación de la ley a éstos". Audiovisual Lang v. Sist. Est. Natal Hnos., 144 DPR 563, 572 (1997). "El efecto de dicha admisión es que releva a la parte adversa de tener que presentar en el juicio prueba del hecho admitido y de esta forma propicia que se acorte la audiencia y no se incurran en gastos innecesarios." Rivera Prudencio v. Mun. de San Juan, *supra*, pág. 171. De ahí que se sostenga que la admisión de cualquier asunto se entenderá definitiva, salvo que el

tribunal permita que se retire o se enmiende, "**si ello contribuye a la disposición del caso en los méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o enmienda afectará adversamente su reclamación o defensa**". 32 LPRA Ap. V, R. 33 (b) (énfasis suplido).

Cónsono con lo anterior, la parte a quien se le cursa un requerimiento de admisiones tendrá que, bajo juramento, objetar o admitir lo requerido en un término de veinte (20) días, contados desde que se le notifique el requerimiento o dentro del término que el tribunal conceda. 32 LPRA Ap. V, R. 33 (a). Si dicha parte no cumple en el referido plazo, "las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas". Audiovisual Lang v. Sist. Est. Natal Hnos., *supra*, pág. 573. Cabe destacar que para ello no es necesaria la emisión de una orden del tribunal haciendo constar tal hecho.

No obstante lo anterior, "**[e]n el ejercicio de su discreción el tribunal debe interpretar la precitada Regla de forma flexible para favorecer en los casos apropiados que el conflicto se dilucide en los méritos**". Íd., págs. 573-574 (énfasis suplido). En consonancia con ello, el foro de instancia "[d]ebe ejercer especial cuidado cuando se trata de una admisión tácita, o sea, por no haberse contestado el requerimiento dentro del término establecido para ello". Íd. Si bien es cierto que la Regla 33, *supra*, es mandatoria y, por tanto, sus disposiciones deben cumplirse de manera sustancial, **no es menos cierto que consideraciones técnicas deben ceder cuando su estricta aplicación e interpretación incida sobre la consecución de la justicia**. Íd., pág. 575. Después de todo, la interpretación liberal de las Reglas de Procedimiento Civil garantiza asegurar la política pública de que la solución de todo procedimiento sea justa, rápida y económica. 32 LPRA Ap. V, R. 1.

**III.**

En síntesis, el matrimonio Feliciano Pinet sostiene que el TPI erró al no dar por admitidas los asuntos contenidos en el Requerimiento de

admisiones cursado al Recurrido, al ser ello contrario a las disposiciones de la Regla 33 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa.

Tras la evaluación exhaustiva del expediente ante nuestra consideración, al igual que los autos electrónicos del foro recurrido, encontramos que el foro *a quo* no indició ni se desprende de los mismos que haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. Tampoco el Peticionario demostró que el TPI abusara de su discreción, actuara con perjuicio o cometiera un error manifiesto en su determinación. Más aún cuando se ha resuelto que en el ejercicio de su discreción, el foro de instancia debe interpretar la Regla 33 de Procedimiento Civil, *supra*, de forma flexible para favorecer, en los casos apropiados, que las controversias se diluciden en los méritos.

En suma, concluimos que de los autos no se desprende indicador alguno que requiera nuestra intervención con la *Resolución* recurrida y tampoco hallamos fundamento legal alguno que amerite la expedición del auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de la presente *Resolución*, *denegamos* la expedición del auto de *certiorari* ante nos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones